UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Presby Patent Trust

     v.                                 Civil No. 14-cv-542-JL
                                        Opinion No. 2015 DNH 111
Infiltrator Systems, Inc.

## MEMORANDUM ORDER

This case involves personal jurisdiction in the area of patent infringement, and specifically whether this court has either general or personal jurisdiction over defendant Infiltrator Systems, Inc.  The plaintiff in this action, Presby Patent Trust, alleges that Infiltrator directly and indirectly infringes one or more claims of U.S. Patent No. 8,815,094.  The '094 patent issued on August 26, 2014, and claims a method of processing effluent, such as in a septic system.  Presby alleges that Infiltrator directly infringes the '094 patent by making, using, importing, selling, and/or offering to sell Infiltrator's Advanced Treatment Leachfield ("ATL") in-ground septic system, and indirectly infringes the '094 patent by inducing others to do so and by contributing to the infringement of the '094 patent by others.  This court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patents).

Infiltrator, which is incorporated and has its principal place of business in Connecticut, moves to dismiss for lack of personal jurisdiction and improper venue.  See Fed. R. Civ.

P.12(b)(2), (3).  After oral argument, the court grants the
defendant's motion to dismiss.  Infiltrator's contacts with New
Hampshire are insufficient for this court to exercise personal
jurisdiction over it in this action.

I.    **Applicable Legal Standard**

        "Personal jurisdiction implicates the power of a court over
a defendant . . . . [B]oth its source and its outer limits are
defined exclusively by the Constitution," namely, the due process
clause of the Fourteenth Amendment.  Foster-Miller, Inc. v.
Babcock & Wilcox Can., 46 F.3d 138, 143–44 (1st Cir. 1995)
(citing Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de
Guinee, 456 U.S. 694, 702 (1982)); U.S. Const. Am. XIV.  Whether
a district court has personal jurisdiction over a defendant is a
two-step inquiry:  first, the long-arm statute of the forum state
must provide for jurisdiction over the defendant and second, if
it does, the court's exercise of that jurisdiction must comport
with due process.[1]  Grober v. Mako Prods. Inc., 686 F.3d 1335,
1345 (Fed. Cir. 2012).  Where, as here, the applicable long-arm
statute and federal due process limitations are coextensive, "the

---

        [1]As the parties expressly agreed at oral argument, because
personal jurisdiction in a patent case is "intimately involved
with the substance of patent law," the law of the Federal Circuit
governs this inquiry.  Grober, 686 F.3d at 1345 (Fed. Cir. 2012)
(internal quotations omitted).

state limitation collapses into the due process requirement" and the two inquiries "coalesce into one." Trintec Indus., Inc. v. Pedre Promotional Prods., Inc., 395 F.3d 1275, 1279 (Fed. Cir. 2005); see also Phillips Exeter Acad. v. Howard Phillips Fund, 196 F.3d 284, 287 (1st Cir. 1999) ("New Hampshire's long-arm statute reaches to the full extent that the Constitution allows.").

Due process requires that a defendant must have sufficient "minimum contacts" with the forum in question "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotations omitted). Consistent with the requirements of due process, a court may exercise one of two categories of personal jurisdiction: general and specific. General jurisdiction exists when "the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" Daimler AG v. Bauman, 134 S. Ct. 746, 751 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011)). Specific jurisdiction, on the other hand, "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." Goodyear, 131 S. Ct.

at 2851 (internal quotations omitted).  Infiltrator argues that this court may exercise neither specific nor general jurisdiction in this case.

Presby bears the burden of showing that Infiltrator has sufficient "minimum contacts" with New Hampshire to satisfy the requirements of due process.  Where, as here, "the district court's disposition of the personal jurisdictional question is based on affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need only to make a prima facie showing that defendants are subject to personal jurisdiction."  Elecs. for Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003).  The plaintiff is not limited to its allegations in the complaint and may make this showing through affidavits attached to its opposition.[2]  In determining whether a plaintiff has made a prima facie showing of personal jurisdiction, the court "accept[s] the uncontroverted allegations

---

[2]A court considering a motion to dismiss on personal jurisdiction grounds may properly consider documents attached to an opposition, even if they contain hearsay, so long as that evidence "bears circumstantial indicia of reliability."  Akro Corp. v. Luker, 45 F.3d 1541, 1546-47 (Fed. Cir. 1995); see also Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1562 (Fed. Cir. 1994).  At oral argument, counsel for Infiltrator confirmed that it does not dispute the accuracy of the exhibits attached to Presby's opposition for purposes of this motion and argues only that those exhibits should not be considered because they contain hearsay.  Because these documents appear to be reliable, the court sees no reason to disregard them.

in the plaintiff's complaint as true and resolve[s] any factual
conflicts in the affidavits in the plaintiff's favor." Id.

## II.  **Background**

The relevant facts, construed in the light most favorable to
Presby, are as follows.  Infiltrator makes and sells septic
systems, including the ATL system that Presby accuses of
infringing the '094 patent.  Though incorporated and with its
principal place of business in Connecticut--where its president
maintains an office--Infiltrator is present in New Hampshire.  It
sells septic systems in New Hampshire through its New Hampshire-
based sales representative, resellers, and distributors; obtains
approvals for its septic systems to be installed in New Hampshire
through the New Hampshire Department of Environmental Services;
provides New Hampshire-specific installation instructions to its
customers; exhibits its products at trade shows in New Hampshire;
hosts educational seminars about its septic systems in New
Hampshire; and is an "affiliate member" of a New Hampshire-based
trade association.

Despite Infiltrator's several contacts with the state, at
oral argument, Presby conceded that Infiltrator had neither
marketed nor sold the accused ATL System in New Hampshire at the
time Presby filed its complaint, and that Infiltrator only sells
non-infringing systems in New Hampshire at this time.  Nor has

5

Infiltrator appointed an agent for service of process in New
Hampshire.

## III. <u>**Analysis**</u>

### A.   **Specific Jurisdiction**

Whether a district court has specific jurisdiction over a
defendant in a patent case "entails a three-part test:  (1)
whether the defendant purposefully directs activities at the
forum's residents; (2) whether the claim arises out of or relates
to those activities; and (3) whether assertion of personal
jurisdiction is reasonable and fair."  AFT-TG, LLC v. Nuvoton
Tech. Corp., 689 F.3d 1358, 1361 (Fed. Cir. 2012) (citing Nuance
Comm'ns, Inc. v. Abbyy Software House, 626 F.3d 1222, 1231 (Fed.
Cir. 2010)).  Because Presby has not shown that the claims it
asserts in this action "arise[] out of or relate[] to" activities
that Infiltrator purposefully directs to New Hampshire, the court
does not have specific jurisdiction over Infiltrator.

The parties conceded at oral argument, and the court agrees,
that Infiltrator satisfies the first part of the test.  Among
other activities, as described <u>supra</u>, Infiltrator employs a sales
representative in New Hampshire and sells septic systems into the
state (both directly and through distributors).  There is no
question that Infiltrator purposefully directs these activities
at residents of New Hampshire.  The operative question for

6

specific jurisdiction in this case, then, is the second part of
the test--whether Presby's claim "arises out of or relates to"
those activities.  It does not.

Presby's cause of action is the alleged direct and indirect
infringement of its patent.  For this court to have specific
jurisdiction over Infiltrator, Presby would have to allege that
Infiltrator directly or indirectly infringed its patent in New
Hampshire.[3]  HollyAnne Corp. v. TFT, Inc., 199 F.3d 1304, 1308 &
n.4 (Fed. Cir. 1999) (affirming dismissal for lack of personal
jurisdiction where plaintiff conceded that defendant did not sell
or offer to sell accused products in the forum).  A party
directly infringes a patent when it makes, uses, offers to sell
or sells in the United States, or imports into the United States,
any patented invention, without authorization from the patentee.
35 U.S.C. § 271(a).  A party indirectly infringes a patent when
it induces another to infringe or contributes to the infringement

---

[3] At oral argument, the parties agreed that Avocent
Huntsville Corp. v. Aten Intern. Co., 552 F.3d 1324 (Fed. Cir.
2008) controls on the question specific jurisdiction.  There, the
Federal Circuit explained that, in an ordinary patent
infringement suit, "for purposes of specific jurisdiction, the
jurisdictional inquiry is relatively easily discerned from the
nature and extent of the commercialization of the accused
products or services by the defendant in the forum." Id. at
1332.  Commercialization in this context is coextensive with the
activities that constitute infringement under 35 U.S.C. § 271(a).
See id.  Because Presby concedes that Infiltrator has not engaged
in any of those activities in New Hampshire, the outcome here is
the same.

7

by another.  35 U.S.C. § 271(b), (c).  Presby has not connected either of these claims to any conduct by Infiltrator in New Hampshire.  Specifically, Presby does not allege--in its complaint or its opposition to Infiltrator's motion to dismiss-- that Infiltrator makes, sells, uses, or offers for sale its accused ATL system in New Hampshire, or that Infiltrator induces or contributes to the infringement by others in New Hampshire. In fact, Presby concedes that the ATL system is neither sold nor marketed in New Hampshire.  In the absence of those allegations, this court cannot exercise specific jurisdiction over Infiltrator on Presby's claims for patent infringement.  See Grober, 686 F.3d at 1346-47 (affirming order dismissing defendants who did not engage in alleged infringing activity in the forum state); F & G Research, Inc. v. Paten Wireless Tech., Inc., No. 2007-1206, 2007 WL 2992480, at *3 (Fed. Cir. Oct. 15, 2007) (affirming dismissal for lack of personal jurisdiction where plaintiff did not allege that defendant sold infringing products in the forum in question).

Presby argues that the disjunctive nature of the standard-- that its claims must "arise from or relate to" Infiltrator's activity--allows the court to find specific jurisdiction because Presby's claims generally "relate to" Infiltrator's septic system business.  Infiltrator would not research and develop new,

8

allegedly infringing products to meet the needs of its customers in other states, Presby contends, if it did not engage in a regular (and non-infringing) septic system business in New Hampshire.  While some courts, including the Court of Appeals for the First Circuit, have suggested that the disjunctive language of the "arises from or relates to" standard may "portend[] added flexibility and signal[] a relaxation of the applicable standard," Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 206 (1st Cir. 1994), the Supreme Court has recently reiterated that it must be the defendant's "suit-related conduct" that "create[s] a substantial connection with the forum state," Walden v. Fiore, 134 S. Ct. 1115, 1121 (2014).[4]  The suit-related conduct in a patent case is the alleged infringing activity, which must occur in the forum state for specific jurisdiction to exist.  See HollyAnne Corp., 199 F.3d at 1308.  Presby has only alleged the most attenuated connection between Infiltrator's sale of non-infringing products, its research and development efforts, and the potential for infringing activities in New Hampshire.

---

[4]It is worth noting that neither the Court of Appeals nor the Supreme Court restricted its holding to a construction of "arising from" but not "relating to."  The Supreme Court instead focused on the "relationship among the defendant, the forum, and the litigation."  Walden, 134 S. Ct. at 1126.  The Court of Appeals similarly concluded that "[w]e know to a certainty only that the [relatedness] requirement focuses on the nexus between the defendant's contacts and the plaintiff's cause of action."  Ticketmaster-New York, 26 F.3d at 206.

This is not enough to satisfy due process and establish specific jurisdiction.  Therefore, this court lacks specific jurisdiction over Infiltrator.[5]

### B.   General Jurisdiction

Having determined that it cannot exercise specific jurisdiction over Infiltrator, the court considers whether it can exercise general jurisdiction.  For this court to do so, Infiltrator must have contacts with New Hampshire that are "so 'continuous and systematic' as to render [it] essentially at home in" New Hampshire.  Daimler, 134 S. Ct. at 749 (quoting Goodyear, 131 S. Ct. at 2851).  Though the parties dispute whether Daimler applies to a situation where, as here, the parties are both located in the United States and the plaintiff is located in the forum,[6] the court agrees with Infiltrator that Daimler controls

---

[5]Because the court concludes that Presby has not satisfied the second part of the three-part test, it need not address the third--whether assertion of personal jurisdiction in this action would be reasonable and fair to the defendant--which corresponds with the "fair play and substantial justice" prong of the International Shoe analysis.  See Grober, 686 F.3d at 1346.

[6]Presby attempts to distinguish Daimler on the grounds that, unlike the plaintiff in Daimler, Presby is a resident of the forum state and, as the patent-holder, it would be injured in New Hampshire if Infiltrator were allowed to continue marketing and selling its ATL systems (presumably, in other states).  This argument runs afoul of the Supreme Court's decision in Walden, issued shortly after Daimler.  There, the Court reaffirmed that the inquiry for general jurisdiction is whether the defendant-- not the plaintiff--has the necessary "minimum contacts" with the

here and that, under Daimler, the court cannot exercise general
jurisdiction over Infiltrator on the facts alleged by Presby.

Prior to Daimler, courts found general jurisdiction over a
defendant where the defendant had "continuous and systematic
general business contacts" with the forum state.  AFTG-TG, 689
F.3d at 1360 (internal quotations omitted).  This is,
essentially, the test that Presby asks the court to apply here.[7]
However, the Supreme Court in Daimler rejected this approach as
"unacceptably grasping."  Daimler, 134 S. Ct. at 760.

In Daimler, the Supreme Court addressed the question of
whether the United States District Court for the Northern
District of California could exercise general jurisdiction over

---

forum to satisfy due process.  Walden, 134 S. Ct. at 1122 ("We
have consistently rejected attempts to satisfy the
defendant-focused 'minimum contacts' inquiry by demonstrating
contacts between the plaintiff (or third parties) and the forum
State.  . . . Put simply, however significant the plaintiff's
contacts with the forum may be, those contacts cannot be
'decisive in determining whether the defendant's due process
rights are violated.'" (quoting Rush v. Savchuk, 444 U.S. 320,
332 (1980))).

[7]At oral argument, Presby's counsel argued that Barriere v.
Juluca, No. 12-23510, 2014 WL 652831 (S.D. Fla. Feb. 19, 2014),
supports it contention that, even under Daimler, a defendant's
"continuous and systematic" contacts with the forum are
sufficient to establish general jurisdiction.  There, the
District Court for the Southern District of Florida found that it
could exercise general jurisdiction over an Anguillan corporation
with its principal place of business in Anguilla on a claim that
arose in Anguilla because the defendant had "such minimum
contacts with Florida to be considered 'at home'" there.  Id. at
*8.  For the reasons discussed below, the court is not persuaded.

DaimlerChrystler Aktiengesellscaft ("Daimler"), a German
corporation, for claims related to human rights abuses committed
by Daimler's Argentinian subsidiary during Argentina's "Dirty
War" between 1976 and 1983. Daimler, 134 S. Ct. 750.  The
plaintiffs, all Argentinian residents, argued that California
could exercise general jurisdiction over Daimler because its
subsidiary, Mercedes-Benz USA, LLC ("MBUSA"), a Delaware
corporation with a principal place of business in New Jersey,
maintained several corporate facilities there, and its California
sales constituted 2.4% of Daimler's worldwide sales and over 10%
of its sales in the United States. Id. at 751-52.  After
concluding that a subsidiary like MBUSA could not be considered
an agent for jurisdictional purposes, the Court explained that,
even if MBUSA were "at home" in California and even if its
contacts with the forum were imputable to Daimler, "there would
still be no basis to subject Daimler to general jurisdiction in
California," because Daimler's contacts with the state were
insufficient. Id. at 760.

Under Daimler, then, it is no longer enough for the
defendant to have "continuous and systematic" contacts with the
forum state.  See Otsuka Pharm. Co. v. Mylan Inc., No. 14-4508,
2015 WL 1305764, at *5 (D.N.J. Mar. 23, 2015) (acknowledging
Daimler as causing a shift in the general jurisdiction standard);

see also Tanya J. Monestier, Where Is Home Depot at Home? Daimler v. Bauman and the End of Doing Business Jurisdiction, 66 HASTINGS L.J. 233, 265-66 (2014) (discussing same).   Those contacts must be of such a degree that they essentially render the defendant "at home" in the forum state.  Daimler, 134 S. Ct. at 761. "[T]he paradigm forum for the exercise of general jurisdiction" for a corporation, the Supreme Court explained, is its "place of incorporation and principal place of business."  Daimler, 134 S. Ct. at 760 (quoting Goodyear, 131 S. Ct. at 2851).  This promotes predictability, allowing corporations to "structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit" while, at the same time, affording plaintiffs "recourse to at least one clear and certain forum in which a defendant corporation may be sued on any and all claims."  Id. at 762 n.20.

The Supreme Court left open the possibility that "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State," offering Perkins v. Benguet Consol. Mining Co., 342 U.S. 437 (1952), as an example of such an exceptional case.  Daimler, 134 S. Ct. at 761 n.19.  In Perkins, a corporation organized and with its principal place of business in

the Philippines was forced to effectively relocate to Ohio when Japan occupied the Philippines during World War II.  342 U.S. at 447-48.  The Supreme Court held that Ohio courts could exercise general jurisdiction over that defendant because, it later noted, "Ohio was the corporation's principal, if temporary, place of business."  Daimler, 134 S. Ct. at 756.

Thus, Daimler cannot be read so narrowly, as Infiltrator suggests, as to restrict general jurisdiction over a defendant only to the forum where it is incorporated or has its principal place of business.  But neither is its holding so broad as to support general jurisdiction over a defendant doing business in the forum state without some special circumstance that ties the defendant more particularly to the forum state.  Rather, for a court to exercise general jurisdiction over the defendant in a forum that is not the defendant's place of incorporation or principal place of business, Daimler requires at the very least that the defendant have systematic and continuous contacts with the forum that sets the forum apart from the other states where defendant may conduct business--contacts that render the forum in some manner equivalent to a principal place of business.  See, e.g., Fed. Home Loan Bank of Boston v. Ally Financial, Inc., No. 11-10952, 2014 WL 4964506, at *2 (D. Mass. Sept. 30, 2014) (finding no general jurisdiction under Daimler where defendant's

14

contacts with forum were no more significant than with any other state); Bulwer v. Mass. Coll. of Pharmacy & Health Sciences, No. 13-521, 2014 WL 3818689, at *5 (D.N.H. Aug. 4, 2014) (McCafferty, J.) (same). See also Monestier, 66 HASTINGS L.J. at 266 ("Courts must evaluate 'at home' using a comparative approach, that is, by assessing a corporation's contacts with the forum in relation to its contacts with other forums. 'At home' is seen as being a unique place akin to the corporation's state of incorporation or its principal place of business.").

Presby suggests that the test for general jurisdiction set forth in Daimler only applies in cases wherein both plaintiffs and defendants are foreign to, and the cause of action accrues outside of, the United States.  This reading is also unsupportably narrow.  The Supreme Court has explicitly defined a "foreign corporation" in the personal jurisdiction context to be one foreign to the state in which jurisdiction is invoked--not foreign to the United States.  See Goodyear, 131 S. Ct. at 2851 (2011) ("A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State.") (emphasis added) (internal quotation marks omitted).

Applying Daimler to the facts of this case, the court
concludes that it cannot exercise general jurisdiction over
Infiltrator.  As an initial matter, Infiltrator is incorporated
and has its principal place of business in Connecticut, rendering
that state "the paradigm forum for the exercise of general
jurisdiction" over Infiltrator.  See Daimler, 134 S. Ct. at 760.
The inquiry, then, is whether Presby has made a prima facie
showing that this is an exceptional case.  Id. at 761, n.19.  It
has not.

The parties do not dispute that Infiltrator has several and
continuous contacts with the state of New Hampshire.  It employs
a sales representative here.  It markets and sells septic systems
here.  In connection with those activities, it attends trade
shows, demonstrates its products, seeks approvals for its
products, instructs users how to install its products, and has
joined a trade organization, all in New Hampshire.  But none of
these activities essentially render New Hampshire a surrogate for
Infiltrator's principal place of business.  Nor has Presby
differentiated Infiltrator's activities here from its activities
in Connecticut or any other state.  In fact, these activities do
not appear to surpass the level of activity that the Supreme
Court rejected as insufficient to confer on California general
jurisdiction over MBUSA.  See Daimler, 134 S. Ct. at 761-72; see

16

also Loyalty Conversion Sys. Corp. v. American Airlines, Inc.,
No. 2:13-CV-655, 2014 WL 4352544, at *5 (E.D. Tex. Sept. 2, 2014)
(Delaware corporation with headquarters in Hawaii not subject to
general jurisdiction in Texas, where it maintained one employee
and made sales to Texas residents).  For the same reason, then,
this court must find that it lacks general jurisdiction over
Infiltrator in this case.

### C.   Jurisdictional Discovery

Although Presby did not raise or press this request at oral
argument, it has requested the opportunity to conduct discovery
into whether Infiltrator's activities confer specific
jurisdiction over it on this court.[8]  It is true that "a diligent
plaintiff who sues an out-of-state corporation and who makes out
a colorable case for the existence of in personam jurisdiction
may well be entitled to a modicum of jurisdictional discovery if
the corporation interposes a jurisdictional defense."[9]
Negrón-Torres v. Verizon Commc'ns, Inc., 478 F.3d 19, 27 (1st

---

[8]Presby has not requested discovery into the court's general
jurisdiction over Infiltrator.

[9]Jurisdictional discovery is not an issue unique to patent
law, and therefore is governed by the law of the First Circuit.
Augogenomics, Inc. v. Oxford Gene Tech. Ltd., 566 F.3d 1012, 1021
(Fed. Cir. 2009).  However, Federal Circuit law governs whether
the requested discovery is relevant to the case.  Commissariat a
L'Energie Atomique v. Chi Mei Optoelectronics Corp., 395 F.3d
1315, 1323 (Fed. Cir. 2005).

Cir. 2007) (quotation marks omitted).  But Presby has not made a
colorable case for personal jurisdiction over Infiltrator.  In
fact, as discussed supra, by conceding that Infiltrator did not
sell or market its accused ATL systems in New Hampshire at the
time Presby filed its complaint, Presby has conceded that this
court does not have specific jurisdiction over Infiltrator on
these claims.  No amount of jurisdictional discovery can change
that.  See United States v. Swiss Am. Bank, Ltd., 274 F.3d 610,
626 (1st Cir. 2001) (request for jurisdictional discovery was
properly denied where plaintiff's "relatedness showing was
unconvincing").

Even if Presby had not made that concession, none of the
information that Presby requests is likely to substantiate
Presby's claim of specific personal jurisdiction.  Specifically,
Presby asks for the opportunity to investigate Infiltrator's
plans and preparations to market and sell its ATL system in New
Hampshire in the future (including pursuit of regulatory
approvals) and Infiltrator's "activities in marketing and selling
the ATL system nationwide."  Opp. to Mot. to Dismiss (document
no. 10) at 13-14; Sur-reply (document no. 14) at 5.  Invoking
Momenta Pharms., Inc. v. Amphastar Pharms., Inc., 841 F. Supp. 2d
514, 520-22 (D. Mass. 2012), Presby argues that jurisdictional
discovery into Infiltrator's plans to market its ATL system in

18

New Hampshire is appropriate because "[a]n infringing company's plan to sell an infringing product in a forum state can be the basis for a finding of specific personal jurisdiction."  Opp. to Mot. to Dismiss (document no. 10) at 13.  But, as Presby admitted at oral argument, in Momenta, the plaintiff sought discovery into the defendant's offers to sell the accused products in the forum state--behavior that amounts to infringement under 35 U.S.C. § 271.  A company's intention to sell a product, without an actual offer, does not constitute infringement, and cannot support a court's finding of specific jurisdiction.  Nor can Infiltrator's plans to sell the ATL system in the future support specific jurisdiction.  The relevant inquiry is whether the alleged infringing activity had occurred at the time the complaint was filed.  See Spectronics Corp. v. H.B. Fuller Co., 940 F.2d 631, 635 (Fed. Cir. 1995), abrogated on other grounds by Liquid Dynamics Corp. v. Vaughan Co., Inc., 355 F.3d 1361, 1370 (Fed. Cir. 2004) ("[I]n personam and subject matter jurisdictional facts must be pleaded, and proved when challenged, and . . . later events may not create jurisdiction where none existed at the time of filing." (citing Mollan v. Torrance, 6 U.S. (1 Wheat.) 172, 173 (1824))).  Here, as discussed supra, Presby admits that it had not.

Similarly, Infiltrator's sales of the accused system outside of New Hampshire cannot confer personal jurisdiction over Infiltrator in New Hampshire.  Presby suggests that Infiltrator's updated website, which includes information about the accused system, amounts to an effort to promote that system nationwide-- including to residents of New Hampshire.  But a passive website through which anyone who has Internet access can obtain information about a product does not provide a basis for personal jurisdiction.  GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, 1350 (Fed. Cir. 2000); cf. Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 513 n.5 (Fed. Cir. 2002) (a website through which customers in the forum state engage in transactions may confer personal jurisdiction where "essentially passive" websites do not).  Presby's request for discovery into Infiltrator's nationwide marketing and sale of the ATL system is thus unlikely to result in evidence that would allow this court to exercise specific jurisdiction.  See Crocker v. Hilton Int'l Barb., Ltd., 976 F.2d 797, 801 (1st Cir. 1992) (affirming denial of jurisdictional discovery where appellants sought information, irrelevant to forum contacts, on solicitation of business and the provision of goods or services outside of the forum).  And where, as here, the plaintiff has not shown that "it can supplement its

jurisdictional allegations through discovery," GTE, 199 F.3d at 1351-52, jurisdictional discovery is not appropriate.

## IV.  **Conclusion**

For the reasons set forth above, Presby's request for jurisdictional discovery is DENIED and Infiltrator's motion to dismiss the complaint for lack of personal jurisdiction and improper venue[10] is GRANTED.[11]  The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: June 3, 2015

cc:  David W. Rayment, Esq.
     Stephen Finch, Esq.
     William B. Pribis, Esq.
     Peter S. Cowan, Esq.
     Robert Ashbrook, Esq.

---

[10]Document no. 8.

[11]Because the court concludes that it cannot exercise personal jurisdiction over Infiltrator in this action, the court need not address whether venue in this district is proper.

21